## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **W.L. AND J.L., INC., D/B/A "THE RALEIGH HOUSE OF HOPE"** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,** <br><br> **Defendants.** | **COMPLAINT** <br><br> Case No. _____ |

Plaintiff W.L. and J.L., Inc. d/b/a "The Raleigh House of Hope" ("Raleigh" or "Plaintiff"), hereby files this, its Summons and Complaint, against Cigna Corporation, Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively "Cigna" or "Defendants")  and asserts the following in support of its claims against Defendants:

### <u>NATURE OF THE ACTION</u>

The Raleigh House of Hope, located in Denver, Colorado, is a substance dependency and addiction treatment program that applies a holistic approach and informed clinical methods to various treatment and recovery programs designed for individuals suffering from the physical and emotional trauma inflicted by substance abuse and addiction.  Raleigh provides a multi-level treatment program, including In-Patient Residential Treatment ("IRT"), a Partial Hospitalization Program ("PHP") and an Intensive Outpatient Program ("IOP").  These programs are designed to

achieve an increased chance of recovery from substance abuse and addiction in a safe, structured and supportive environment.    To the extent patients board at Raleigh facilities, patients are housed together in separate buildings based upon which level of treatment program they are undergoing.    This arrangement enables Raleigh's highly-trained medical staff to provide the appropriate level of care and supervision to the patient, depending upon their progress through the treatment programs.    One aspect of Raleigh's program that further encourages those recovering from addiction to succeed is the option for the patient to remain as a resident on the property during their recovery process.

Prior to providing its services to patients, Raleigh, through its medical billing company CloudMedBilling, LLC, seeks and receives pre-authorization from Cigna for patients covered by Cigna to enter into the program and be treated at the facility, as required per Cigna's policies. (*See* Exhibit "B" attached hereto, a sample Cigna Policy.)    Further, Raleigh's program of transitioning patients from IRT to PHP and finally to IOP, within a 90-day timeframe, is consistent with Cigna's medical necessity requirements and the applicable standard of care.[1] (*See* Exhibit "C" attached hereto, a sample Verification of Benefits form.) Finally patients assign their rights under their Cigna insurance policies for payment for the IRT, PHP and IOP treatment programs to Raleigh.    Included in these rights is the right to file any judicial action, if necessary, for payment for services rendered.

Despite Raleigh's consistent compliance with Cigna's requirements for reimbursement for patients being treated at Raleigh's facility, and the pre-authorization, Cigna, following the flagging of Raleigh's claims by Cigna's Special Investigations Unit ("SIU flag"), has refused or

---

[1] *e.g.* Cigna Standards and Guidelines/Medical Necessity Criteria:  For Treatment of Behavioral Health Substance Use Disorders, Rev. Ed. June 2015.

otherwise delayed the payment of properly submitted claims without an appropriate basis or explanation for these denials. Further, and perhaps even more shockingly, Cigna has demanded that Raleigh re-pay to Cigna $310,018.68 based on Cigna's specious allegation of an overpayment of benefits to Raleigh. Without any type of investigation of how Raleigh houses and treats its patients, Cigna has inaccurately and wrongfully concluded that Raleigh is engaged in "masking residential care as Intensive Outpatient Programs (IOP) or Partial Hospitalization Programs (PHP)."[2] (*See* Exhibit "D" attached hereto, Letter from Cigna.) Cigna's refusal to honor legitimate claims from Raleigh and Cigna's insureds is plainly punitive conduct on the part of Cigna, undertaken in bad faith, to penalize Raleigh unjustly and to further enrich Cigna unlawfully.

As further insult to injury, Raleigh has learned through certain "medical claims negotiators" with whom it contracts, that prior to Cigna's SIU flag, reimbursements were equal to approximately 70-80% of Raleigh's billed PHP and IOP charges. After the SIU flag, however, MultiPlan and Viant have, at the direction of Cigna, decreased reimbursement rates from Cigna to approximately 1-5% of Raleigh's billed charges, as part of Cigna's wrongful and unlawful scheme, designed to coerce Raleigh, as an out-of-network provider, to enter into an unfavorable in-network contract. Finally, Cigna has adopted a policy of decreasing the average days of pre-authorization for Raleigh's service from a pre-SIU flag average of twenty (20) days of IRT and PHP and approximately fifty-seven (57) days of IOP, to approximately seven (7) to twelve (12) days of IRT and has ceased authorizing treatment for PHP and IOP, without any

---

[2] Ltr. to Raleigh House of Hope, Jan. 29, 2016; Robert Horwat (re: Overpayment Demand).  (*See* Exhibit "D.")

clinical justification whatsoever.[3]  To date, Cigna has improperly and unlawfully withheld more than $1.1. million in Raleigh claims and counting.  In addition, there are several hundreds of thousands of dollars in unbilled PHO and IOP treatments, which Cigna should process and pay, contrary to their punitive decision to withhold authorization of treatment.

Cigna has adopted this unlawful behavior as part of a company-wide policy of prioritizing Cigna's goals of saving costs above the professional medical judgments of treating physicians, nurses and care coordinators, and coercing out-of-network providers such as Raleigh into unfavorable, in-network contracts unilaterally dictated by Cigna.  The result of this profit-driven, unlawful conduct on the part of Cigna, in the instance of Raleigh and its programs designed to help individuals struggling with addiction to find a path to sobriety, is the eventual elimination of the essential treatment options provided by Raleigh and its staff.  The inevitable outcome is that those individuals, now without access to treatment, will return to their addictions. The emotionally and physically devastating effects on those suffering from the disease of addiction, as well as the catastrophic impact of addiction on the loved-ones and friends of those individuals, is the unavoidable outcome of Cigna's reprehensible business practices in this case. The vast majority of the insurance plans that cover the claims for benefits at issue in this case are provided through private employers and are therefore governed by the Employee Retirement Income Security Act of 1974, 29 §U.S.C. §§1001, *et seq.* ("ERISA").  The plans that are not provided through employers are subject to Colorado law, specifically C.R.S. §10-3-1115 *et seq.*

---

[3] It is further of note that Cigna has adopted a policy with respect to Raleigh of denying all PHP benefits in the event that Raleigh disputes Cigna's denial of IRT services and/or the amount of days for which a patient is pre-authorized for IRT services.  This is additional evidence of Cigna's punitive treatment of facilities when it is in Cigna's financial interest.

Raleigh files this action under ERISA and Colorado State Law seeking to recover payment for the services provided to the patients insured by Cigna and any other remedy this Court deems fair and equitable under the law.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff W.L. and J.L., Inc. d/b/a "The Raleigh House of Hope" ("Raleigh" or "Plaintiff"), is a corporation organized under the laws of the State of Colorado, with its principal place of business in this District.

2.      Defendant Cigna Corporation is a corporation organized under the laws of the State of Connecticut, with its principal places of business located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

3.      Defendant Cigna Health and Life Insurance Company is a corporation organized under the laws of the State of Connecticut, with its principal place of business located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

4.      Defendant Connecticut General Life Insurance Company is a corporation organized under the laws of the State of Connecticut, with its principal place of business located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

5.      This Court has personal jurisdiction over Defendants in this action pursuant to Colorado Revised Statute §13-1-124 (1)(a), as Cigna transacts business within Colorado, and C.R.S. §13-1-124 (1)(d), as Cigna contracts to insure people, property and risk located within Colorado at the time of contracting.

6.      This Court has subject matter jurisdiction (federal question jurisdiction) over this action pursuant to (i) 18 U.S.C. §1331 and 29 U.S.C. §1132(e)(1), as the claims asserted herein

are ERISA claims and otherwise arise, in part, under the Constitution, laws or treaties of the United States; and (ii) 28 U.S.C. §1367 as Raleigh's non-ERISA state law claims are supplemental to their Federal claims.

7.      Venue is appropriate in this District pursuant to (i) 28 U.S.C. §1391(b)(2), as a substantial part of the violations alleged herein either occurred in this District or were directed to Raleigh, which is located in this District, and (ii) 29 U.S.C. §1132(e)(2), as the plans at issue in this case are administered in this District.

8.      Raleigh, as assignee of Cigna insureds, has exhausted all of its administrative remedies, and/or in the alternative has been prevented from meaningful access to Cigna's administrative remedy process, and must seek redress from this Court for Cigna's violations of State and Federal law.

## FACTUAL ALLEGATIONS

9.      Cigna is a global health service company that, among other things, insures and administers a series of various employee health and welfare benefit plans, including: (i) self-funded plans for which Cigna provides administrative services, (ii) plans insured under group policies issued by Cigna but maintained by private employers, (iii) plans covering federal employees, (iv) plans covering employees of state governmental entities, (v) church plans, (vi) policies issued to individuals, and (vii) Medicare.  These plans are collectively referred to as the "Cigna Plans."

10.     Providers who treat Cigna insureds are either in-network or out-of-network. Raleigh is an out-of-network provider.  In-network providers are providers with whom Cigna has

entered into an agreement with specified pre-negotiated rates for medical services provided to Cigna insureds.  Out-of-network providers do not have any agreement with Cigna.

11.     Raleigh provides an integrated substance dependency/addiction treatment program in Denver, Colorado.

12.     Raleigh's treatment program offers Intensive Residential Treatment ("IRT"), a Partial Hospitalization Program ("PHP"), an Intensive Outpatient Program (IOP), and a General Outpatient Program ("GOP"), including providing different boarding options for its patients participating in any of these programs.

13.     Prior to providing services to patients, Raleigh verifies whether the patient's insurance policies will cover such services.

14.     As a matter of standard practice, Raleigh adheres to Cigna's medical necessity guidelines and obtains pre-authorization for the services Raleigh renders for patients covered by Cigna Plans.

15.     For each claim at issue in this case, Raleigh (i) confirmed the existence of coverage by Cigna for the requested services, (ii) provided the services, (iii) issued bills to the patients for the applicable co-payments or deductibles, and (iv) timely submitted claims for reimbursement to Cigna.

16.     Cigna's medical necessity guidelines specifically contemplate that PHP patients may board at the treating facility.  (*See* Exhibit"C" hereto.)  The guidelines only mandate that

PHP patients are not under 24-hour supervision and are able to interact with the community independently and without being accompanied by staff.[4]

17.     Cigna's medical necessity guidelines contemplate that IOP patients may board at the treating facility.  The guidelines only mandate that IOP patients who do board at the treating facility are under less than 24-hour supervision and have an opportunity to interact with the community independently, without being accompanied by staff.

18.     Raleigh's PHP and IOP programs comply with Cigna's guidelines in all respects. Raleigh does not bill Cigna for the cost of PHP or IOP patients who board at Raleigh's facility.

19.     Raleigh employs an experienced medical and clinical team that provides a thorough initial evaluation and assessment of patients, as well as weekly monitoring and follow-up, consistent with Cigna's Standards and Guidelines and Medical Necessity Criteria.

20.     Patients sign an "Assignment, Designation of Authorized Representative and Release of Medical Information," which assigns to Raleigh all claims or causes of action that exist now or in the future, and/or relating to dates of service previously completed and submitted to the insurance company, held by the patient with respect to claims made to insurance companies, including Cigna.  Specifically, the assignment of benefits states in pertinent part:

> This Assignment is made in accordance with any applicable law, state or federal. I hereby assign and transfer, and do intend to knowingly and expressly assign and transfer to Raleigh all claims and causes of action that exist (now or in the future, and/or relating to dates of service previously completed and submitted to the insurance company) in my favor against any health benefits Plan, Plan Sponsor, insurance company, plan administrator,  underwriter and/or ANY OTHER PARTY concerning (1) any action taken (or omission made) with regard to any claim that Raleigh submits on my behalf to any health benefits plan, insurance

---

[4]  *e.g.* Cigna Standards and Guidelines/Medical Necessity Criteria:  For Treatment of Behavioral Health and Substance Abuse Use Disorders, Rev. Ed. June, 2015.

company and/or plan administrator, whether arising at law  or in equity, pursuant to statute, pursuant  to regulation or under any body of common law; (2) all claims and causes of action based upon breaches of fiduciary duty pursuant to any statute, regulation or under any body of common law, including but not limited to the Employee Retirement Income Security Act ("ERISA") against any fiduciary, including (but not limited to) any health benefit Plan, Plan Sponsor, insurance company, payor, plan administrator or other fiduciary; and, (3) any subrogated matter or claim or cause of action and, I hereby authorize Raleigh to prosecute any such claims and/or causes of action in my name or in Raleigh's name, or to otherwise resolve such claims and causes of action as Raleigh determines in its sole discretion.

The aforementioned assigned and transferred claims and causes of action specifically include (but are not limited to) all possible claims and causes of action arising under any provision of ERISA or any State Insurance Code, including (but not limited to) any claims and causes of action premised upon breach of fiduciary duty under ERISA and any other law or statute. In the event that I am entitled to benefits arising out of any policy of insurance providing coverage to me or to any other party liable to me, I hereby assign to Raleigh the right to obtain said insurance proceeds and apply same to my bill from Raleigh. This assignment shall also designate Raleigh to make all claims assigned herein as my authorized representative. I understand and acknowledge that the proper and appropriate payment to Raleigh by an insurance company pursuant to this specific assignment shall discharge said insurance company of any and all obligations under the insurance policy only to the extent of such payment. I agree and understand that I am still financially responsible to Raleigh for its charges.

21.      Upon information and belief, the Cigna Plans allow insureds and their physicians the flexibility to obtain healthcare services from either in-network or out-of-network medical providers.[5]      (*See* Exhibit "C" attached hereto.)

22.      Given its rate agreements with in-network providers, Cigna has a clear economic incentive to induce its insureds and their physicians to use in-network providers.  However, the ultimate decision rests with the patient insured and the requesting physician who has the ethical

---

[5]  At no time did Cigna provide Raleigh with a copy of the Plans.

and professional obligation to select the service provider best able to meet the needs of the patient, which is not necessarily the provider that is most profitable for insurers like Cigna.

23.    Upon information and belief, Cigna has initiated a "Treatment Center Protocol" that it has applied to out-of-network addiction treatment/rehabilitation providers in Colorado and in other States to coerce out-of-network providers such as Raleigh to enter into in-network contracts with terms unilaterally dictated by Cigna, and unduly prejudicial to providers.

24.    Upon information and belief, Cigna has adopted a policy of denying PHP and IOP claims when residents continue to board at treatment facilities, even without the twenty-four (24) hour restrictions imposed on RTC and PHP patients, despite the fact that such practices are entirely consistent with Cigna's medical necessity guidelines.[6] Cigna, true to form, has adopted this practice with Raleigh.

25.    Upon information and belief, Cigna has adopted a policy of directing certain medical cost management services, specifically MultiPlan, Inc. and Viant, Inc., with whom Cigna has contracted to negotiate with out-of-network providers to accept lower reimbursement rates, to refuse to provide reasonable reimbursement rates to addiction treatment/rehabilitation programs.  For example, following the SIU flag put in place by Cigna, Raleigh's billed PHP and IOP negotiated reimbursement rates with MultiPlan and Viant dropped from 70-80% to 1-5%.

26.    Upon information and belief, Cigna has adopted a policy of decreasing its average days of pre-authorization for Raleigh's services, without any medical or clinical justification. Cigna, prior to the SIU flag, pre-authorized Raleigh patients for approximately twenty (20) days

---

[6] Other insurers that cover similar treatment services, such as United Health and Blue Cross/Blue Shield, not only contemplate the boarding of IOP and PHP patients, but also reimburse treatment centers for costs of such boarding. (*See* Optum 2015 Level of Care Guidelines, Section 1.7 Criteria for Overnight Housing Coupled with an Intensive Outpatient Program.)

of IRT and PHP, and approximately fifty-seven (57) days of IOP.  Following the SIU flag, Cigna is authorizing Raleigh patients, on average, for approximately seven (7) to twelve (12) days of IRT, and has entirely denied all benefits for PHP and IOP.

27.     Upon information and belief, Cigna has adopted a policy of denying PHP benefits in the event Raleigh disputes Cigna's denial of IRT services and/or the amount of days for which a patient is pre-authorized for IRT services.

28.     Upon information and belief, Cigna is disparaging Raleigh by communicating to patients, providers and/or other Cigna benefit policy holders that Raleigh is "under investigation."

29.     Cigna recently engaged in a post-pay audit of claims as to Raleigh, for dates of service between August 20, 2012 and July 15, 2015.  The audit included a review by Cigna's Special Investigations Unit (SIU), and concluded that "Raleigh House is misrepresenting the level of care of services provided to Cigna customers.  Specifically, Raleigh House is masking residential care as Intensive Outpatient Programs (IOP) or Partial Hospitalization Programs (PHP).  Indeed, patients are residing in a controlled setting, which is not consistent with an outpatient treatment program."[7]

30.     Cigna has demanded that Raleigh pay $310,018.68 due to an alleged overpayment of benefits, and has placed a flag on Raleigh's tax identification number to effect denial of all incoming claims for PHPs and IOPs billed with revenue codes H0015, H0035, 905, 912, or 913.[8]

---

[7] Ltr. to Raleigh House of Hope, Jan. 29, 2016; Robert Horwat (re: Overpayment Demand).  (Exhibit "D.")
[8] *Id.*

31.     Cigna has further reserved the right to conduct additional post-payment audits it deems necessary to enforce its plan requirements.[9]

32.     Following the SIU flags being applied to Raleigh's claims, the payments of those claims have extended beyond the timeframe provided pursuant to ERISA.  And at no time did Cigna comply with ERISA requirements that Cigna provide to Raleigh in writing an explanation of the circumstances requiring the extension of time for payment of its claims.

33.     Cigna, as of the filing of this Complaint, has not provided Raleigh with copies of the plans/policies at issue to enable Raleigh to determine the validity of Cigna's claims.

34.     To date, Cigna has withheld payment of more than $1.1 million in Raleigh claims.[10]

35.     As a result of Cigna's refusal to authorize PHP and IOP treatment, there are a hundreds of thousands of dollars of un-billed claims for which Cigna is responsible for processing and paying under the terms of their plans.

36.     Cigna's continued unlawful scheme and policy of denying claims made by Raleigh has significantly damaged and continues to significantly damage Raleigh by driving its receivables to the point of severely straining Raleigh's operational abilities.

37.     Due to Cigna's violations of its obligations to pay for the services rendered to their insureds pursuant to the Cigna Plans, Raleigh has retained the services of the undersigned counsel and has instructed the filing of this action, for which Raleigh will incur costs and attorneys' fees.  Cigna is liable for payment of such fees and costs.

---

[9] *Id.*

[10] A spreadsheet labeled Exhibit "A" is attached to this Complaint, detailing each claim.  For privacy reasons, patient information has been redacted.

38.     All conditions precedent to this action have occurred, have been performed, or have been waived.

**COUNT I**
**CLAIM FOR BENEFITS UNDER ERISA**

39.     Raleigh alleges paragraphs 1 through 38 as if fully stated herein.

40.     This is an action filed pursuant to ERISA Section 502(a)(1)(B), 28 U.S.C. §1132 to recover benefits due to the assignee of the participants or beneficiaries of an ERISA plan.

41.     Raleigh provided substance addiction/abuse treatment services to the insureds, identified with specificity in Exhibit "A" attached hereto.

42.     Under the Cigna Plans, Cigna is obligated to pay for medically necessary services, covered services, or covered benefits as defined by the Cigna Plans.

43.     Cigna has inaccurately and wrongfully classified Raleigh's PHP and IOP programs as in-patient IRT programs, and has proceeded to unlawfully withhold payment for these services.  To the extent the Cigna Plans are issued pursuant to an employee benefit plan, Cigna's failure to pay for the medically necessary services provided by Raleigh to its insureds, as identified in Exhibit "A," violates ERISA.  As such, the insureds have suffered damages as a result of Cigna's violations.

44.     The insureds identified in Exhibit "A" have assigned to Raleigh:

> …the right to collect any and all unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company(ies), health benefit plan, plan sponsor, insurance company, plan administrator, underwriter or any insurer or payor that provided coverage on the date(s) listed below. This Assignment includes the assignment of the right to sue the undersigned's medical insurance company or payors in the undersigned's/insured's name and assert all claims that the undersigned/insured will or may have against the insurance company or payors resulting from or in any way pertaining

13

to the medical insurance coverage that the undersigned is alleged or states to maintain including obtaining copies of all plan documents and/or any other insurance plans/polices.

45.     As assignee of the beneficiaries of the Cigna Plans, Raleigh is entitled to recover benefits due to the beneficiaries and enforce the rights of the beneficiaries under the terms of the Cigna Plans.

## COUNT II
## CLAIM FOR BREACH OF FIDUCIARY DUTIES UNDER ERISA

46.     Raleigh alleges paragraphs 1 through 45 above as if fully stated herein.

47.     This is an action filed pursuant to ERISA Section 502(a)(3)(B), 28 USC §1132, for an accounting and other equitable relief available to redress Cigna's violations of its obligations under the Cigna Plans and ERISA.

48.     Raleigh provided substance addiction/abuse treatment services to the insureds, identified in Exhibit "A."

49.     Cigna acts as a fiduciary under ERISA, to the extent that Cigna Plans are issued pursuant to an employee benefit plan and Cigna:

    i.     exercises discretionary authority or discretionary control respecting the management of an employment benefit plan and the disposition of its assets; and
    ii.    has discretionary authority in the administration of the plan.

50.     Cigna breached and abused its fiduciary duties to its insureds by exercising its authority or discretionary control to deny or otherwise delay the payment of the claims for services provided to its insureds in bad faith and for ulterior motives.

51.     The insureds identified in Exhibit "A" have assigned to Raleigh:

…the right to collect any and all unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature

from the medical insurance company(ies), health benefit plan, plan sponsor, insurance company, plan administrator, underwriter or any insurer or payor that provided coverage on the date(s) listed below. This Assignment includes the assignment of the right to sue the undersigned's medical insurance company or payors in the undersigned's/insured's name and assert all claims that the undersigned/insured will or may have against the insurance company or payors resulting from or in any way pertaining to the medical insurance coverage that the undersigned is alleged or states to maintain including obtaining copies of all plan documents and/or any other insurance plans/polices.

52.     As assignee of the beneficiaries of the Cigna Plans, Raleigh is entitled to recover benefits due to the beneficiaries and enforce the rights of beneficiaries under the terms of the Cigna Plans.

**COUNT III**
**BREACH OF FIDUCIARY DUTY UNDER 29 C.F.R. §2560.503-1**

53.     Raleigh alleges paragraphs 1 through 52 above as if fully stated herein.

54.     This is an action filed pursuant to ERISA Section 502(a)(3)(B), 28 USC §1132, for an accounting and other equitable relief available to redress Cigna's violations of its obligations under the Cigna Plans and ERISA.

55.     Cigna, by failing to timely process Raleigh's claims, failed to comply with the Secretary of Labor Claims Regulation, 29 C.F.R. §2560.503-1 requiring that fiduciaries follow specified minimum requirements in deciding ERISA benefit claims, including: (i) that notice of the plan terms upon which the decision was based be given to the claimant; (ii) that a decision denying or partially denying a claim contain a "description of the plan's review procedures and the time limits applicable to such procedure, including a statement of the claimant's right to bring a civil action under §502 [ERISA] following an adverse benefit determination on review; and (iii) the claim must be decided within specified time limits unless the fiduciary deciding the

claims properly extends the time for doing so.

56.     Cigna acts as a fiduciary under ERISA, to the extent that Cigna Plans are issued

pursuant to an employee benefit plan and Cigna:

> i.      exercises discretionary authority or discretionary control respecting the management of an employment benefit plan and the disposition of its assets; and
> ii.     has discretionary authority in the administration of the plan.

57.     Cigna breached and abused its fiduciary duties to its insureds by exercising its

authority or discretionary control to deny or otherwise delay the payment of the claims for

services provided to its insureds in bad faith and for ulterior motives.

58.     The insureds identified in Exhibit "A" have assigned to Raleigh:

> …the right to collect any and all unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company(ies), health benefit plan, plan sponsor, insurance company, plan administrator, underwriter or any insurer or payor that provided coverage on the date(s) listed below. This Assignment includes the assignment of the right to sue the undersigned's medical insurance company or payors in the undersigned's/insured's name and assert all claims that the undersigned/insured will or may have against the insurance company or payors resulting from or in any way pertaining to the medical insurance coverage that the undersigned is alleged or states to maintain including obtaining copies of all plan documents and/or any other insurance plans/polices.

59.     As assignee of the beneficiaries of the Cigna Plans, Raleigh is entitled to recover

benefits due to the beneficiaries and enforce the rights of beneficiaries under the terms of the

Cigna Plans.

<u>**COUNT IV**</u>
<u>**BREACH OF CONTRACT**</u>
<u>**(As Contract Assignee)**</u>

60.     Raleigh alleges paragraphs 1 through 59 above as if fully stated herein.

61.     Raleigh provided substance addiction/abuse treatment services to the insureds, identified with specificity in Exhibit "A" attached hereto.

62.     Under the Cigna plans, Cigna is obligated to pay for medically necessary services, covered services, or covered benefits as defined by the Cigna Plans.

63.     Cigna has inaccurately and wrongfully classified Raleigh's PHP and IOP programs as in-patient IRT programs, and has proceeded to unlawfully withhold payment for these services.  To the extent the Cigna Plans are issued pursuant to an employee benefit plan, Cigna's failure to pay for the medically necessary services provided by Raleigh to its insureds, as identified in Exhibit "A," violates Colorado Law.

64.     The insureds identified in Exhibit "A" have assigned to Raleigh:

> …the right to collect any and all unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company(ies), health benefit plan, plan sponsor, insurance company, plan administrator, underwriter or any insurer or payor that provided coverage on the date(s) listed below. This Assignment includes the assignment of the right to sue the undersigned's medical insurance company or payors in the undersigned's/insured's name and assert all claims that the undersigned/insured will or may have against the insurance company or payors resulting from or in any way pertaining to the medical insurance coverage that the undersigned is alleged or states to maintain including obtaining copies of all plan documents and/or any other insurance plans/polices.

65.     As assignee of the beneficiaries of the Cigna Plans, Raleigh is entitled to recover benefits due to the beneficiaries and enforce the rights of beneficiaries under the terms of the Cigna Plans.

**COUNT V**
**BREACH OF CONTRACT**
**(As Contract Third-Party Beneficiaries)**

66.     Raleigh alleges paragraphs 1 through 65 above as if fully stated herein.

67.     Raleigh provided substance addiction/abuse treatment services to the insureds, identified with specificity in Exhibit "A" attached hereto.

68.     Under the Cigna plans, Cigna is obligated to pay for medically necessary services, covered services, or covered benefits as defined by the Cigna Plans.

69.     Cigna has inaccurately and wrongfully classified Raleigh's PHP and IOP programs as in-patient IRT programs, and has proceeded to unlawfully withhold payment for these services.  To the extent the Cigna Plans are issued pursuant to an employee benefit plan, Cigna's failure to pay for the medically necessary services provided by Raleigh to its insureds, as identified in Exhibit "A," violates Colorado Law.

70.     Raleigh is a third-party beneficiary under the Cigna Plans, as the intent and purpose of the Cigna Plans was to pay service providers, including out-of-network providers, for services provided to the insureds.

71.     As a third-party beneficiary of the Cigna Plans, Raleigh is entitled to recover benefits due to the beneficiaries and enforce the rights of beneficiaries under the terms of the Cigna Plans.

**COUNT VI**
**BREACH OF FIDUCIARY DUTY**

72.     Raleigh alleges paragraphs 1 through 71 above as if fully stated herein.

73.     Raleigh provided substance addiction/abuse treatment services to the insureds, identified with specificity in Exhibit "A" attached hereto.

74.     Under the Cigna Plans, Cigna is a fiduciary entrusted with the obligation to pay for medically necessary services, covered services, or covered benefits as defined by the Cigna Plans.  Cigna further owes the fiduciary duties of good faith and care to its insureds.

75. Cigna has refused to pay for these services in bad faith and in an arbitrary and capricious manner. To the extent that the Cigna Plans are not issued pursuant to an employee benefit plan, Cigna's decision not to pay for the medically necessary services provided by Raleigh to its insureds identified in Exhibit "A," constitutes a breach of its fiduciary duties under Colorado law.

76. The insureds identified in Exhibit "A" have assigned to Raleigh:

> …the right to collect any and all unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company(ies), health benefit plan, plan sponsor, insurance company, plan administrator, underwriter or any insurer or payor that provided coverage on the date(s) listed below. This Assignment includes the assignment of the right to sue the undersigned's medical insurance company or payors in the undersigned's/insured's name and assert all claims that the undersigned/insured will or may have against the insurance company or payors resulting from or in any way pertaining to the medical insurance coverage that the undersigned is alleged or states to maintain including obtaining copies of all plan documents and/or any other insurance plans/polices.

77. As assignee of the beneficiaries of the Cigna Plans, Raleigh is entitled to recover benefits due to the beneficiaries and enforce the rights of beneficiaries under the terms of the Cigna Plans, including, but not limited to, the rights relating to Cigna's fiduciary obligations owed to its insureds.

## COUNT VII
## PROMISSORY ESTOPPEL

78. Raleigh alleges paragraphs 1 through 77 above as if fully stated herein.

79. Raleigh provided substance addiction/abuse treatment services to the insureds, identified with specificity in Exhibit "A" attached hereto.

80. Before providing such services, Raleigh confirmed with Cigna that (i) the

requested services and treatments were covered benefits under the Cigna Plans, and (ii) that Raleigh would be reimbursed by Cigna as an out-of-network facility.

81.     Cigna is now estopped from denying full and complete payment for the claims identified in Exhibit "A"

**COUNT VIII**
**UNJUST ENRICHMENT**

82.     Raleigh alleges paragraphs 1 through 81 above as if fully stated herein.

83.     Insureds pay premiums to Cigna, and in return, Cigna issues policies to its insureds for coverage of their claims.

84.     Raleigh provides services to Cigna's insureds which are covered by the policies issued to Cigna's insureds, upon their payment of premiums.

85.     Raleigh confirms with Cigna, prior to treatment of patients or their admission to Raleigh's programs, that the treatment is covered by Cigna under its Plans through Raleigh's practice of verification of benefits.

86.     As assignee of the insureds, Raleigh is entitled to the benefits of coverage, conferred upon Cigna's insureds, by the policies for which they have compensated Cigna, specifically in the form of payment of claims.

87.     Cigna is knowingly and intentionally withholding payment of claims to Raleigh, in violation of its own policies.

88.     It would be unjust for Cigna to retain the benefitted conferred upon it in the form of policy premiums, when Cigna is not providing the coverage for which the insureds have paid.

89.     Raleigh is entitled to reimbursement for those claims submitted to Cigna for treatments provided to Cigna's insureds, covered under Cigna's policies, as confirmed through

Cigna's verification of benefits.

**COUNT IX**
**UNFAIR OR DECEPTIVE TRADE PRACTICES**

90.  Raleigh alleges paragraphs 1 through 89 above as if fully stated herein.

91.  Cigna has engaged in deceptive trade practices, in its verification of benefits and agreement to pay pursuant to the Cigna Plans for services rendered by Raleigh, and subsequent failure to compensate Raleigh as agreed.

92.  Cigna's conduct is regulated pursuant to C.R.S. §§6-1-105 et seq.

93.  Raleigh, as successor in interest to Cigna insureds to whom it has provided services, is entitled to damages and recovery of its costs and attorneys' fees from Cigna, pursuant to C.R.S. §6-1-113.

**COUNT X**

**FRAUD**

94.  Raleigh alleges paragraphs 1 through 93 above as if fully stated herein.

95.  Cigna made false representations to Raleigh and its insureds in its confirmation through the verification of benefits that the treatment programs provided by Raleigh would be covered under Cigna's Plans.

96.  Cigna has failed and refused to compensate Raleigh as agreed, despite its previous representations that the treatment programs in question would be covered pursuant to Cigna's policies.

97.  Cigna made these false representations with the intention and purpose of deceiving Raleigh and Cigna's insureds.

98.  Raleigh relied upon Cigna's false representations to its detriment and the

detriment of its patients.

99.     Raleigh has sustained damages as a result of Cigna's false representations, in that Raleigh provided services, and continues to provide services, believing it would be fairly compensated by Cigna, by Cigna's own representations, and Cigna continues to refuse and fail to compensate Raleigh as agreed.

100.     Raleigh is entitled to damages, as a provider and as assignee of Cigna's insureds, in the amounts owed by Cigna for improperly denied claims, and all other damages just and equitable under the law, to include Raleigh's reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT MISREPRESENTATION

101.     Raleigh alleges paragraphs 1 through 100 as if fully stated herein.

102.     Cigna, in the course of its business, misrepresented to Raleigh and its insureds, that the treatments provided by Raleigh would be covered through Cigna's Plans, in its verification of benefits, without reasonable care.

103.     Raleigh reasonably relied upon Cigna's representations of coverage in Raleigh's provision of services to its patients covered under Cigna's Plans.

104.     Cigna knew or should have known that its representations, in the form of verification of benefits under the Cigna Plans, would be relied upon by Raleigh its provision of services and treatment to patients covered under Cigna Plans.

105.     Raleigh relied upon Cigna's misrepresentations to its detriment, and provided services to Cigna insureds for which it should be compensated, but has not been.

106.     Raleigh, as a provider and as assignee of Cigna's insureds, is entitled to damages

in the amounts owed to Raleigh by Cigna, pursuant to Cigna's representations, and all other damages just and equitable under the law, to include Raleigh's reasonable attorneys' fees.

## COUNT XII
## VIOLATION OF C.R.S. §10-3-1115

107.    Raleigh alleges paragraphs 1 through 106 above as if fully stated herein.

108.    Cigna has unreasonably delayed and denied payments of claims for benefits owed to or on behalf of its insureds being treated by Raleigh.

109.    Raleigh is the lawful successor in interest to Cigna's insureds, pursuant to the assignment of benefits from Cigna's insureds to Raleigh.

110.    Cigna has failed to provide a reasonable basis for its denial and delay of payment of claims made for benefits owed to or on behalf of its insureds to Raleigh.

111.    Raleigh, as assignee of Cigna's insureds, is entitled to two (2) times the covered benefits that were unlawfully denied or delayed, in addition to its costs and attorneys' fees associated with the filing of this action.[11]

## JURY DEMAND

112.    Plaintiffs hereby request a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a final judgment for damages as described in Counts I through XII above against Defendants, pursuant to State and Federal law, plus any interest, fees (including but not limited to those penalties included in 29 USC 1132(c)(1)), costs and other expenses, as well as any other relief the Court

---

[11] *See* C.R.S. §10-3-116 (2015).

deems just and proper.

## CERTIFICATE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

This _8th_ day of _March_, 2016

Respectfully submitted,

BY: _____

ROBERT JAY INGRAHAM CO Bar #43819
22488 East Polk Drive
Aurora, Colorado 80016
Telephone: (303) 690-8197
Fax: (303) 690-8198
jay_cuatro@yahoo.com
*Attorney for Plaintiff*


W.L. and J.L., Inc.
d/b/a "The Raleigh House of Hope,"
Plaintiff
4952 Raleigh St.
Denver, CO 80212